**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LUCIA ROMAGOSA,** | **CIVIL ACTION NO. 2:25-cv-01512** |
| **Plaintiff,** | **JUDGE MILAZZO** |
| **V.** | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | **MAGISTRATE JUDGE CURRAULT** |
| **Defendant.** | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint ("Complaint") and alleges as follows:

I. Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Louisiana. Lincoln denies all remaining allegations contained in Paragraph I of the Complaint.

II. Lincoln admits that it issued Group Disability Income Policy Number GD/GF3-890-LF0494-01 (the "Policy") to Louisiana Children's Medical Center, dba LCMC Health ("LCMC"), which policy, at certain times, insured benefits from the Louisiana Children's Medical Center, dba LCMC Health Group Long-Term Disability Income Plan (the "LTD Plan") sponsored by LCMC to provide disability benefits to certain its employees. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy that was assigned claim number 12028057. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is

entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph II of the Complaint.

III. Lincoln admits that certain documents concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph III of the Complaint.

IV. Lincoln admits that Plaintiff was, at certain times, employed by LCMC, and was, at certain times, a participant in the LTD Plan sponsored by LCMC. Lincoln admits that it issued the Policy to LCMC, which policy, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph IV of the Complaint.

V. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day at work at LCMC was May 7, 2021. To the extent that the allegations contained in Paragraph V seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph V of the Complaint.

VI. Lincoln admits the allegations contained in Paragraph VI of the Complaint.

VII. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated December 21, 2021,

and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph VII of the Complaint.

VIII. Lincoln admits it sent a letter to Plaintiff dated December 21, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph VIII of the Complaint.

IX. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated June 30, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph IX of the Complaint.

X. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph X of the Complaint.

XI. Lincoln admits that occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XI of the Complaint.

XII. Lincoln admits it sent a letter to Plaintiff dated June 30, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XII of the Complaint.

XIII. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are

contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XIII of the Complaint.

XIV. Lincoln admits it sent a letter to Plaintiff dated July 4, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph XIV of the Complaint.

XV. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph XV seek to interpret the provisions of the Policy or documents governing the LTD Plan, Lincoln refers to the Policy and the documents governing the LTD Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph XV of the Complaint.

XVI. Lincoln denies the allegations contained in Paragraph XVI of the Complaint.

XVII. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph XVII of the Complaint.

XVIII. Lincoln denies the allegations contained in Paragraph XVIII of the Complaint.

XIX. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

### FIRST DEFENSE

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

### SECOND DEFENSE

The Policy and plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Lincoln's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

### THIRD DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the Plan.

### FOURTH DEFENSE

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

## FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## SIXTH DEFENSE

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## SEVENTH DEFENSE

This action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

## EIGHTH DEFENSE

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## NINTH DEFENSE

At all times material to the Complaint, Lincoln acted in good faith and in compliance with the terms and conditions of the Plan and discharged its duties with respect to the Plan in the interest of the participants and beneficiaries.

**TENTH DEFENSE**

A claimant's entitlement to future ERISA benefits under the terms of the Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the Plan.

**TWELVTH DEFENSE**

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

**THIRTEENTH DEFENSE**

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 30th day of July 2025.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
Email: iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: keiran.mccluskie@phelps.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/ *Iwana Rademaekers*
Iwana Rademaekers